United States District Court
Southern District of Texas
ENTERED
October 02, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NUMBER H-25-065 |
| | § | |
| ANGEL VILLARREAL-RESENDIZ, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

On January 24, 2025, a team of law enforcement officers entered the property of Angel Villarreal-Resendiz ("Defendant") to execute a search warrant.[1] While on the property, law enforcement officers sought the code to a safe located in Defendant's bedroom.[2] A search of the safe revealed twelve firearms and several hundred rounds of mixed pistol and rifle ammunition.[3] On February 26, 2025, Defendant was charged with one count of Possession of a Firearm by a Prohibited Person, in violation of 18 U.S.C. § 922(g)(5).[4]

On August 5, 2026, the court entered a Memorandum Opinion and Order suppressing the firearms and ammunition discovered in the safe.[5] The court concluded that "[c]onsidering the show of force by the number of law enforcement officers present and the continual display of AR-15 style

[1]Memorandum Opinion and Order, Docket Entry No. 75, p. 4. All page numbers reference the pagination printed at the top of the page by the court's Electronic Case Filing system.

[2]Id. at 6.

[3]Nathaniel Yates' Affidavit in Support of Criminal Complaint, Docket Entry No. 1, p. 2 ¶ 7.

[4]Indictment, Docket Entry No. 14, pp. 1-2.

[5]Memorandum Opinion and Order, Docket Entry No. 75, p. 15.

assault rifles, the limitations on Defendant's movement, and officers' reference to a search warrant . . . law enforcement officers compelled Defendant to provide the code to the safe in violation of his Fifth Amendment rights."[6]

Pending before the court is The United States' Motion for Reconsideration ("Government's Motion to Reconsider") (Docket Entry No. 78). The Government argues that it was not given an adequate opportunity to litigate the exclusion of the firearms and ammunition because the issue was not properly presented to the court.[7] The Government argues that had it been given an adequate opportunity to litigate this matter, it would have argued that the discovery of the firearms and ammunition were inevitable.[8] Defendant has filed his Response in Opposition to Government's Motion for Reconsideration ("Defendant's Response") (Docket Entry No. 80).

"While the Federal Rules of Criminal Procedure do not provide for a motion for reconsideration, . . . the Supreme Court has 'concluded that motions to reconsider in criminal prosecutions are proper and will be treated just like motions in civil suits.'" United States v. E.I. Du Pont De Nemours and Co., 622 F.Supp.3d 460, 467 (S.D. Tex. 2022) (quoting United States v. Rollins, 607 F.3d 500, 502 (7th Cir. 2010)). In the civil context, "Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to 'revise[] at any time' 'any order or other decision . . . [that] does not end the action.'" Austin v. Kroger Texas, L.P., 864 F.3d 326, 336 (5th Cir. 2017) (quoting Fed. R. Civ. P. 54(b)). "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new

[6] Id.

[7] Government's Motion to Reconsider, Docket Entry No. 78, pp. 1-2.

[8] Id. at 5-6.

evidence or an intervening change in or clarification of the substantive law.'" Id. (quoting Lavespere v. Niagara Machine & Tool Works, Inc., 910 F.2d 167, 185 (5th Cir. 1990)). "[Al]though the Rule 54(b) standard is less exacting, courts still look to the standards applied to Rule 59(e) for guidance." Rodriguez v. Morales, CIVIL ACTION NO. 5:26-CV-14, 2026 WL 2001137, at *1 (S.D. Tex. Feb. 12, 2026). To prevail on a Rule 59(e) motion for reconsideration, a movant must show: "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice." In re Benjamin Moore & Co., 318 F.3d 626, 629 (5th Cir. 2002).

The Government has not pleaded an adequate ground for reconsideration. Defendant moved to suppress "all evidence, including firearms, ammunition, and statements made by the defendant, obtained as a result of the improper search of the safe located in his bedroom."[9] The Motion to Suppress specifically stated that the Defendant was moving "to suppress all 'incriminating evidence' obtained in violation of his Fifth Amendment right, to include the statements he made and the 'fruits' of those statements."[10] Accordingly, it is clear that the Government was given an adequate opportunity to litigate the exclusion of the firearms and ammunition under the Fifth Amendment. The Government's failure to argue the inevitable discovery doctrine in its response to Defendant's Motion to Suppress is not a sufficient reason for reconsideration. Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004) (explaining that a Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment").

---

[9]Motion to Suppress, Docket Entry No. 43, p. 1.

[10]Id. n.1.

Having considered the Government's Motion to Reconsider, the Defendant's Response, and the applicable law, the court is not persuaded that it should reconsider its Memorandum Opinion and Order granting Defendant's Motion to Suppress. Accordingly, The United States' Motion for Reconsideration (Docket Entry No. 78) is **DENIED**.

**SIGNED** at Houston, Texas, on this the 2nd day of October, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE